# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICKY HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1791 LMB |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Ricky Hampton's (registration no. 324094) filing of a certified inmate account statement in a companion case[1], which will be liberally construed as a motion for leave to proceed in forma pauperis in this case.  For the reasons stated below, the Court finds that petitioner does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and petitioner will be assessed an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the petition, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

---

[1]*See Hampton v. State of Missouri*, 4:12CV1794 JAR.  The Court will also take judicial notice of all facts and allegations outlined in the petition contained in that action, in addition to those facts alleged in the current action before the Court.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  *See* 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id*.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  *See* 28 U.S.C. § 1915(a)(1),(2).  A review of petitioner's account statement indicates an average monthly deposit of $5.01, and an average monthly account balance of $0.00.  Petitioner has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, in reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the petition the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Petition

Petitioner seeks a writ of mandamus against the State of Missouri, pursuant to 28 U.S.C. § 1651.  Petitioner states that in 2002, after pleading guilty in the Circuit Court of Scott County, Missouri, to burglary and forgery charges, he was sentenced, inter alia, to five years' probation.  He states that in 2006, he plead guilty to a DUI in Mississippi County, Missouri and was sentenced to "three (3) years suspended with a five (5).  Said sentence violated the petitioner's probation in Scott County . . . which was subsequently reinstated and the two probationary terms run concurrent with the other, (co-terminate)."

Petitioner asserts that "[t]he same Judge (The Honorable David Nolan) presided over both the Scott County case aforementioned and the case at bar from Mississippi County."  Petitioner claims that Judge Nolan "remanded" the case back to Scott County in light of his belief that petitioner had "resisted arrest," and he argues that the probation relating to his Scott County case had already expired as of April 2011, before being called back in reference to that matter.  He alleges that he was "revoked after the expiration of his probationary term."

Thus, petitioner claims that his probation was subsequently illegally revoked, without a proper hearing, appointment of competent counsel, and/or an opportunity to confront adverse witnesses.  Petitioner states that the revocation hearing held in this matter was flawed.  He asks this Court to "vacate" his state criminal sentence, remand

-4-

for further proceedings, and issue a "writ of mandamus" directed against both Scott County, Missouri, and Mississippi County, Missouri, through whose orders the petitioner has unlawfully had his liberty restrained and been incarcerated in the Missouri Department of Corrections.

## Discussion

Petitioner's request for a writ of mandamus is legally frivolous.  *Cf. Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981)(federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioner is attempting to challenge a state judge's revocation of probation order, the instant mandamus petition is without merit.[2] Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions.  *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).  "[Federal] [r]eview of state court decisions may be had only in the Supreme Court."  *Id*.

---

[2]The Court notes that the caption of the instant writ of mandamus states, "The Court of Appeals  -  Eastern District  -  State of Missouri," and the petition was mailed in an envelope addressed to the "United States District Court - Southeastern Division."

-5-

For these reasons, the instant action will be dismissed under § 1915(e)(2)(B).[3]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall pay an initial partial filing fee of $1.00 within thirty (30) days from the date of this order.  Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition, because the petition is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

_____

[3]The Court will not liberally construe the instant mandamus petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, because there is no indication that petitioner has exhausted his state remedies, and he has neither requested nor consented to such a reclassification.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)(in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction); *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002)(Court should not reclassify a pleading as a habeas corpus action, unless and until petitioner has been afforded an opportunity either to withdraw the pleading or to consent to the reclassification).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #2] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of November, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE